IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BEJAN DAVID ETEMAD,** )<br>       **Plaintiff,**                 )<br>vs.                                              )<br>                                                 )<br>**UNDERWOOD PERKINS LAW OFFICE,** )<br>       **Defendant.**              ) | No.  3:14-CV-0669-B-BH<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

**I.  BACKGROUND**

Bejan David Etemad (Plaintiff) sues the Dallas, Texas, law firm that represented his ex-wife in their divorce. He asserts that the firm violated his civil rights by conspiring against him in violation of 42 U.S.C. § 1985, and that it is a criminal enterprise headed by his wife in violation of 18 U.S.C. § 1862 (the RICO statute). (Compl. at 1-2). He seeks $500,000 in damages. *Id.* at 2.

**II.  PRELIMINARY SCREENING**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right

to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. 42 U.S.C. § 1985

"Title 42 U.S.C. § 1985, part of the Civil Rights Act of 1871, creates a private civil remedy for three prohibited forms of conspiracy to interfere with civil rights under that section." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). Subsection 3 prohibits a conspiracy to deprive any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the law. 42 U.S.C. § 1985(3). "To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir.1994)). Additionally, the conspiracy must have a class or race-based animus. *See id.*; *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001).

Plaintiff has alleged none of the elements of a conspiracy under § 1985, and in particular, he has alleged no facts demonstrating the existence of any alleged conspiracy whose purpose was to deprive him of equal protection of the laws *based on* racial animus or any other protected characteristic. His § 1985 claim should be dismissed as frivolous.

### IV. RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT

Plaintiff claims that the firm and his ex-wife violated the RICO Act. In their simplest terms, the four subsections of 18 U.S.C. § 1962 provide that:

2

(a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise;

(b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering;

(c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and

(d) a person cannot conspire to violate subsections (a), (b), or (c).

*See Abraham v. Singh*, 480 F.3d 351, 354-55 (5th Cir. 2007); *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). All four subsections have three common elements: "1) a *person* who engages in 2) a *pattern of racketeering activity*, 3) connected to the acquisition, establishment, conduct, or control of an *enterprise*." *Crowe*, 43 F.3d at 204 (alteration in original). To state a claim under any subsection, "a plaintiff must plead specific facts . . . which establish the existence of an enterprise." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989); *accord State Farm Mut. Auto. Ins. Co. v. Giventer*, 212 F. Supp. 2d 639, 649-50 (N.D. Tex. 2002).

Plaintiff has pled no facts that show or create a reasonable inference of a pattern of racketeering activity between the firm and its client, his ex-wife. He has therefore failed to state a RICO claim upon which relief may be granted, and this claim should also be dismissed as frivolous.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b).

**SO RECOMMENDED on this 7th day of March, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE